The opinion of the Court was delivered by
Johnson, J.
' It is not necessary, in this casé, to enter into a minute* examination as to the nature of the interest which renders a witness incompetent; for it will be found, admitting the position assumed in the ground, that at most the witness, if at all liable to the defendant, stood in the same situation as to the pilaintiff, by whom he was called; and, not being a party to the suit, he was competent. Philips, 37-. And if liable to the plaintiff, it must arise out of his own individual negligence, in relation to the boat, which was not tlpe subject in issue between these parties, and he was therefore admissible.
The second ground is not distinctly comprehended, unless it is intended to have relation to that species of liability which arises out of an act of barratry, which can never exist, except when the act is done in violation of good faith ; and it is not pretended that the evidence in this case warrants such a conclusion. The plaintiff’s possession cannot be otherwise regarded than as a species of bailment within the class denominated locaiio conductto rei, in which ordinary diligence onlij is required of the bailee. ■ Jones on Bailment, 85. And the evidence shows that the greatest care and diligence were exercised.
I am, therefore, of opinion the motion ought to be dismissed.
Coecocic, Cheves and Richardson, JJ., concurred.